JUSTICE RICE,
concurring.
¶61 The Department challenges the District Court’s reversal of STAB’s finding that earnings-to-price ratios may be used within the “direct capitalization of net operating income” method of valuation under Admin. R. M. 42.22.111. This regulation requires the Department to employ “commonly accepted methods and techniques of appraisal to determine market value.” Admin. R. M. 42.22.111(1). PacifiCorp defends the District Court’s determination and argues that STAB’s finding was not supported by substantial evidence. Neither a definition nor standards which further explain the term “commonly accepted method” are provided within the regulations, but an agency’s interpretation of its own regulation is entitled to deference. See Roy v. Blackfoot Tel. Coop., 2004 MT 316, ¶ 26, 324 Mont. 30, 101 P.3d 301 (citing Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512, 114 S. Ct. 2381, 2386 (1994) (“We must give substantial deference to an agency’s interpretation of its own regulations.’)). In light of the deference to be given to the Department’s application of its regulation and the evidence discussed by the Court, I concur that STAB’s finding was *275 supported by substantial evidence.[1]
¶62 In the cross appeal, PacifiCorp challenges the District Court’s affirming of STAB’s obsolescence determination, arguing that the Department’s approach failed to satisfy the requirement in § 15-8-111(2)(b), MCA, to ‘fully consider” both functional and economic obsolescence. The Court delineates testimony which was offered by the Department in support of its treatment of obsolescence, Opinion, ¶¶ 41-46, and then reverses both STAB and the District Court’s legal conclusion that the Department failed to properly consider obsolescence. Opinion, ¶ 49. I have concerns about the Court’s approach and cannot agree with it.
¶63 The evidence cited by the Court was considered by STAB during the proceedings before it. STAB concluded that the Department ‘fail[ed] to consider economic obsolescence in its cost indicator as specifically required by statute. Section 15-8-lll(2)(b), MCA.... ‘[T]he Board does not condone this failure on the part of the Department. There is a clear statutory duty for the Department to consider all forms of depreciation ....’ ’’STAB Order, 35 (internal citation omitted); see also STAB Order, 33. The District Court affirmed this conclusion, stating that ‘the Department’s cost approach calculation did not include a separate consideration of any reduction in value for obsolescence.” District Court Order, 10 (emphasis added). Then, the Department did not appeal this determination. The obsolescence issue undertaken by the Court-en which it reverses STAB and the District Court-has not been challenged on appeal and is not the focus of the parties’ briefing.
¶64 STAB ultimately concluded that the error in the Department’s valuation method was essentially harmless under the circumstances, because post-lien date sale information demonstrated that no additional obsolescence existed. Nonetheless, STAB warned that “[i]n other cases, the Department’s failure to consider economic obsolescence in its cost approach could prove seriously detrimental to the Department’s valuation.” STAB Order, 35. I believe that the Court’s wading into this issue is unwise. The Court is reversing complex evidentiary determinations which were not the focus of the *276 appeal, were not briefed, and which fall within the expertise of the taxing authorities. I would not do so.
¶65 In response, the Court offers the vague assertion that the parties ‘have raised, argued, and briefed the issue of whether the Department fulfilled its statutory obligation to ‘fully consider reduction in value’ before STAB.” Opinion, ¶ 53. A careful search of the briefing would be a vain attempt to locate where this issue was “raised, argued and briefed” in this case. The “obsolescence” issue which the Court reaches and decides today-the proper interpretation of §15-8-111(2)(b), MCA, and the requirements it imposes upon the Department regarding obsolescence-was certainly not raised or briefed on appeal. There is no analysis whatsoever, in any of the briefing, from either party, about the text, history, or meaning of § 15-8- 111(2)(b), MCA, or the obligations imposed by that statute.
¶66 The Department’s opening brief made only a passing reference to §15-8-111(2)(b), MCA, and its reply and response brief did not make a single reference to the provision. While referencing obsolescence in the context of the issue it did raise, PacifiCorp offers no argument about obligations imposed by the statute regarding obsolescence. To obscure this fact and support its desire to interpret the statute, the Court resorts to restating the parties’ actual issues. The Court states that ‘PacifiCorp specifically asserted as its first argument in its cross-appeal to this Court that ‘the Department ignored its affirmative, statutory duty to fully consider obsolescence in the cost approach.’” Opinion, ¶ 53. This is an incomplete statement of PacifiCorp’s position. Its actual issue is “whether the district court erred when it affirmed the Department’s cost indicator even though the Department willfully failed to consider obsolescence.” PacifiCorp’s Opening Brief, 1 (emphasis added). Because the Department had failed to appeal the interpretation of § 15-8-lll(2)(b), MCA, rendered by STAB and the District Court, PacifiCorp based its arguments solely on the assumption that this statutory interpretation was correct. To top it off with the appropriate irony, the Court criticizes this Concurrence for failing to acknowledge ‘PacifiCorp’s three-part argument set out at pages 33-40 of its brief’which “specifically argues that the Department ignored its statutory duty to consider obsolescence.” Opinion, ¶ 53. However, there is no such discussion in the cited pages of PacifiCorp’s brief. There is such a discussion in those numbered pages of the District Court’s order-and that is precisely the point: the Department did not appeal from that discussion and thus no briefing has been offered here by the parties on the issue.
*277 ¶67 The Court’s decision today blindsides the parties, but prejudices PacifiCorp, which loses on the basis of an issue it never briefed. PacifiCorp did not brief the statutory interpretation issue because, under the statutes and rules governing the appeal process, it was unnecessary to do so. Today, PacifiCorp has learned the hard way that it cannot place its trust in the rules governing the appellate process in Montana.
¶68 Finally, the Court approves STAB’s consideration of the post-lien date sale information, citing §15-7-102(6), MCA, which permits STAB to consider ‘the actual selling price of the property.” As the statute does not differentiate between pre- and post-lien date sale information, I concur that STAB could properly consider this evidence, despite the fact that consideration of post-lien date sale information apparently contradicts what the District Court described as “a well accepted rule” in the appraisal industry. If the statute does not reflect best industry practices, it may need to be revised. However, it serves today to render any flaw in the Department’s cost approach as harmless error.
¶69 I concur in the result reached by the Court.
JUSTICE NELSON joins in the concurring Opinion of JUSTICE RICE.